## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PRAXAIR, INC. and PRAXAIR )
TECHNOLOGY, INC., )
                            )
          Plaintiffs, )
                            )
      v. )      Civ. No. 03-1158-SLR
                            )
ATMI, INC. and ADVANCED )
TECHNOLOGY MATERIALS, INC., )
                            )
          Defendants. )

### MEMORANDUM ORDER

At Wilmington this 14th day of June, 2007, having reviewed ATMI's motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 345) is denied, for the reasons that follow:

1. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex-rel. Lou-Ann. Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when judgment was granted. See id.

2. Defendants asserted at trial that claims 18 and 20 of the '115 patent are an obvious variation of the teachings of U.S. Patent No. 5,409,526 ("the Zheng patent");

specifically, that the axial middle inlet position missing from the Zheng patent but

supplied by claims 18 and 20 of the '115 patent would have been an obvious

modification based on "straightforward geometry." Defendants also asserted at trial

that claims 1, 2, and 6-8 of the '609 patent are invalid because they are drawn to the

use of a known item (a capillary) to achieve a result predictable in the art (flow

restriction). On December 7, 2005, prior to deliberations and against a backdrop of

general obviousness principles, the jury was instructed that

> [i]n determining obviousness or nonobviousness of the claimed subject matter of
> the asserted claim, the following steps should be taken by you:
>
> First, you should determine the scope and content of the prior art;
>
> Second, you should then identify the differences, if any, between the asserted
> claim and the prior art;
>
> Third, you should determine the level of ordinary skill in the pertinent art at the
> time the claimed invention was made; and
>
> Against this background, you will make your decision as to whether the claimed
> subject matter would have been either obvious or nonobvious to a person of
> ordinary skill in the pertinent art[1] at the time the invention was made. You
> should also consider such objective considerations as commercial success, long-
> felt but unresolved need, failure of others to solve the problem, and praise of the
> claimed invention by others.

(D.I. 260 at 33-34) On December 7, 2005, the jury rendered its verdict that each

asserted claim is valid and infringed. (D.I. 261)

3. On February 1, 2006, defendants filed their amended opening briefs in

support of their post-trial motion for judgment as a matter of law and, in the alternative,

for a new trial. (D.I. 294, 296) Defendants did not request the court's review of the

---

[1]The jury was instructed that a person of ordinary skill is not "you as a layman, [ ]
me as a judge, or to a genius in the art." (D.I. 260 at 33)

2

jury's nonobviousness determination.[2] (D.I. 294 at 20-27) Accordingly, the court had no occasion to review obviousness post-trial. (D.I. 330); 445 F. Supp. 2d 460 (D. Del. Aug. 17, 2006).

4. On April 30, 2007, the Supreme Court issued its opinion in KSR International Co. v. Teleflex Inc., No. 04-1350, 127 S. Ct. 1727 (2007), in which the Court proscribed the Federal Circuit's narrow and inflexible application of its "teaching, suggestion, or motivation" test for obviousness. The Supreme Court requires that its holdings be given "full retroactive effect in all cases still open on direct review[.]" Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993). The question of obviousness in this case was not open for review by this court when KSR issued.[3] Accordingly, the court declines to re-open for review the issue of obviousness.

5. For the aforementioned reasons, defendants' motion for reconsideration is denied with prejudice. (D.I. 345) The parties shall comply with the court's standing order to provide a joint proposed order of judgment by June 30, 2007. (D.I. 348)

United States District Judge

---

[2]Defendants primarily argued that the jury's verdict that sintered metal filters infringe, but do not anticipate, the '609 patent was inconsistent.

[3]The only issues before the court after its disposition of the defendants' post-trial motions on August 17, 2006 were defendants' inequitable conduct defense to enforceability of the '115 and '609 patents, tried separately before the court on December 12, 2005, and plaintiffs' motion for a permanent injunction. The court issued a memorandum opinion and order denying plaintiffs' motion for a permanent injunction on March 27, 2007. (D.I. 343, 344) The court issued bench opinions on inequitable conduct on August 17, 2006 and on June 13, 2007 (D.I. 347), and has a standing order for the parties to submit a proposed order of judgment (D.I. 348). That order remains in effect.

3